10147

## SENTELL v. NORRIS COTTON MILLS.

### (98 S. E. 141.)

MASTER AND SERVANT—INJURIES TO SERVANT—LIABILITY OF EMPLOYER—
INEXPERIENCED OPERATOR.—Cotton mill which solicited farmer to work
for it was liable for injuries to him, uninstructed of dangers of work,
after 2½ days' service, causing loss of arm, if it was guilty of lack
of due care towards him, and he was not negligent and had not
assumed risk, which was hidden.

Before WILSON, J., Spring term, 1918. Affirmed.

Action by A. J. Sentell against the Norris Cotton Mills.
From judgment for plaintiff, defendant appeals.

*Messrs. Haynsworth & Haynsworth* and *Carey & Carey,*
for appellant, submit: *The master is not bound to supervise
the mere details of the work nor to provide against dangers
which might be avoided by reasonable care on the part of the
servant:* 4 Lab. M. & S., p. 1567. *If the place suddenly
becomes unsafe by reason of one servant and his fellow serv-
ant is thereby injured the master is not responsible unless
within reasonable time after notice that such place has
become unsafe the master fails to remove (or provide
against) the danger:* 96 S. C. 236; 102 S. C. 488. *By con-
tinuing to do this work without complaint and in the absence
of any emergency, he assumed the risk:* 104 S. C. 451; 102
S. C. 276; 86 S. C. 116; 80 S. C. 232; 72 S. C. 242; 72 S.
C. 348. *The established doctrine is that where there are
two ways of doing the work, one safe, and the other involv-
ing risk, then if the servant adopts the one involving danger,
he assumes the risk and the master may not be held responsi-
ble:* 104 S. C. 451; 86 S. C. 116; 72 S. C. 348.

*Messrs. Martin & Henry,* for respondent, cite: *As to the
duty of the master to furnish a safe place and safe instru-
ments for the servant:* 94 S. C. 412; 81 S. C. 210. *Patter-
son represented the master:* 81 S. C. 15; 76 S. C. 539; 95

S. C. 138. *It was the master's business to make the place safe, a duty realized by providing a casing, a duty he failed in by not properly using it:* 48 S. C. 190; 68 S. C. 513; 74 S. C. 19 and 20; 80 S. C. 567; 66 S. C. 488. *A servant does not assume the risk of master's negligence:* 84 S. C. 286; 72 S. C. 420; 80 S. C. 248, 102, 276; 101 S. C. 84; 94 S. C. 412; 66 S. C. 485; 87 S. C. 212-213. *As to submitting the question, whether or not Patterson and plaintiff were fellow servants, to the jury:* 83 S. C. 272; 51 S. C. 96; 92 S. C. 560; 18 S. C. 270; 71 S. C. 56; 97 S. C. 410; 18 S. C. 282; 89 S. C. 506, 507; 79 S. C. 511, 512; 68 S. C. 513; 48 S. C. 196; 74 S. C. 19; 80 S. C. 567; 66 S. C. 482. *To require servant to inspect and discover danger in master's instrumentalities would be to reverse the relative duties of master and servant:* 66 S. C. 487. *Where general charge submitted covers points of request, specific requests need not be given:* 36 U. S. L. Ed. 486; 71 S. C. 159; 53 S. C. 123. *Even if parts of request were correct, being inapplicable to state of facts, and partly incorrect, it was no error on the part of trial Court to refuse entire charge:* 63 S. C. 446. *A servant may, without inspection, assume and rely on the assumption that the machinery and the appliances furnished him by the master are safe:* 86 S. C. 234; 40 S. C. 108-9. *The trial Judge committed no error in refusing to charge a modification of plaintiff's seventh request:* Rule 11 of the Circuit Court; 88 S. C. 164; 78 S. C. 401. *The breaking of machinery is not the test of liability. The test is, was the defendant guilty of negligence in not providing and maintaining reasonably suitable and safe machinery:* 94 S. C. 412. *The master is liable for any latent defects and dangers arising during the progress of the work, and when the master delegates to another the duty of seeing that it is properly done, the servant has the right to assume that the master will advise him of such defects and dangers:* 64 S. C. 215; 80 S. C. 568; 81 S. C. 20; 83 S. C. 271. *A modifica-*

*tion, which assumed a state of facts which were in dispute,
would have been a charge upon the facts:* 66 S. C. 489-490.

February 1, 1919.

The opinion of the Court was delivered by MR. JUSTICE
GAGE.

The plaintiff had a verdict for $3,000 for the loss of his
left arm by the teeth of a carding machine in a cotton mill.

There are eleven exceptions; but the one issue argued at
the bar and in the printed points arises out of the refusal of
the Court to direct a verdict for the defendant: (1) Because
there was no proof of negligence by the defendant; (2)
because the plaintiff assumed the risk of the task he was at;
(3) because the injury to the plaintiff was caused by a
fellow servant of his.

The complaint charged as many as seven delicts by the
defendant. Of course, if there was testimony tending to
prove one sufficient delict which was a proximate cause of
the injury, and not affected by the three defenses above
stated, then the Court ought to have sent the case to the
jury. There will be no need, therefore, to consider all the
seven delicts charged, nor in such event to consider perhaps
all the defenses above stated.

The gist of the action, and of all such, is that under all the
instant circumstances the defendant failed in the perform-
ance of its whole duty towards the plaintiff. Duty is the
test of responsibility. There is no need to recite the testi-
mony.

The truth of the postulate which next follows will not be
denied. If the plaintiff, hitherto a farmer by life long prac-
tice and a man of 50 years, was solicited by the defendant
more than once to quit his farm and enter the service of the
mill, because of the scarcity of help there, and if the plaintiff
yielded to the solicitation and entered such service, and if
the plaintiff was put to strip cards with but a meagre experi-
ence in cotton mills, and met with this accident after two and

a half days' service, and if no instructions had been given him about the difficulties and dangers of that work, about which he was not practiced, and if he was put to labor on a cloudy and rainy day, in a mill darkened on the side he worked at by the state of weather and by a precipitous elevation of the ground there so as to conceal the dangers there present, and if as the proximate result of all this the man lost his hand by the revolving card cylinder while wiping off a carding machine, incident to stripping the cards, then the defendant is liable to the plaintiff, if the jury should conclude that the circumstances recited convicted the mill of a lack of due care towards the plaintiff, and should further find that the plaintiff had not defeated his right by a lack of due care on his part, and should further find that the risk was hidden and had not been assumed by the plaintiff as a part of his contract of service.

The testimony tends strongly to make such a case, and it was properly sent to the jury.

In this view, the issue of fellow servant goes out of the case; for there is no dispute but that the master put the plaintiff to work where he was hurt.

Judgment affirmed.

MESSRS. JUSTICES HYDRICK, WATTS and FRASER concur.

MR. CHIEF JUSTICE GARY did not sit.